NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARCIA COPELAND, M.D. and MINTA
SMITH (TRUSTEE FOR MARCIA
COPELAND LIVING TRUST),

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

        Defendants.

Civ. No. 15-7431

OPINION

RECEIVED

DEC 2 1 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter is before the Court upon motions to dismiss from defendants Marty Abo, Abo

and Company, LLC ("Abo & Co."), Lisa Sharkey, Chase Mortgage Bank, Scott Levine, Ocwen

Loan Servicing, the Honorable Renée Marie Bumb, and the United States Department of Justice.

(ECF Nos. 98, 104, 108, 112, 113). Plaintiff Marcia Copeland ("Plaintiff") opposes.[1] (ECF No.

119). The Court has decided the motions based on the written submissions of the parties and

without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated

below, defendants' motions are granted, and Plaintiff's Complaint is dismissed with prejudice.

### BACKGROUND

This case has a long history in state and federal court. In 2009, Plaintiff Marcia Copeland

hired attorney Scott Levine to pursue a case against GRP Financial Services Corp. (Pl.'s 2011

State Ct. Compl. at 5, ECF No. 98-8). Abo & Co. was hired to provide expert testimony in that

---

[1] Plaintiff's opposition is not labeled as such, but Plaintiff indicates on page 8 that her
submission is in response to the most recent motion to dismiss.

1

case. (*Id.*). Plaintiff was dissatisfied with Abo & Co.'s services, and felt she had "no business

paying for it." (*Id.* at 6). Abo & Co. then retained attorney Andrew Karcich and filed a claim for

arbitration against Plaintiff with the American Arbitration Association. (*Id.* at 5, 9). Plaintiff

chose not to participate in arbitration. (*Id.* at 9-10). On January 14, 2011, an arbitration award

was entered in favor of Abo & Co. for $49,777.88. (Pl.'s 2013 State Ct. Compl. at 86, ECF No.

98-12). Abo & Co. sought to enforce their award, and the Superior Court entered a default

judgment against Plaintiff. (*See* ECF No. 98-10). Plaintiff later attempted to have the default

judgment vacated, but her motion was denied by Judge Deborah Silverman-Katz. (*Id.*). Because

of their roles in these events, Judge Silverman-Katz, Mr. Levine, and Mr. Karcich are now

named defendants in this action, along with Abo & Co.

Abo & Co. continued to seek payment of the arbitration award through legal action.

They were unsuccessful until two years later, when Judge Mary Eva Colalillo[2] appointed Robert

Saldutti, Esq. as a receiver to collect rental income from Plaintiff's rental properties. (Pl.'s 2013

State Ct. Compl. at 40, ECF No. 98-12). Plaintiff has also named Mary Eva Colalillo and Mr.

Saldutti as defendants in the present action.

In 2013, Plaintiff began aggressively pursuing her legal options to fight the collection of

Abo & Co.'s arbitration award. She filed various motions in response to Abo & Co.'s

enforcement action against her. (Pl.'s 2013 State Ct. Compl., ECF No. 98-12). She attempted to

revive a suit she had filed in 2011 against Abo & Co., Mr. Levine, Mr. Karcich, and the

American Arbitration Association. (Pl.'s 2011 State Ct. Compl., ECF No. 98-8). She filed a

complaint with the New Jersey Board of Accountancy against Mr. Abo. (Letter from N.J. A.G.

at 2, ECF No. 98-17). She filed three different complaints in the District of New Jersey. (*See*

---

[2] Mary Eva Colalillo was a Superior Court Judge at the time, she is now the Camden County
Prosecutor.

2

Order of J. Bumb at 1, ECF No. 98-22). None of these actions were successful. (6/18/13 Order

of J. Millenky, ECF No. 98-13; 10/30/13 Order of J. Millenky, ECF No. 98-16; Letter from N.J.

State Board of Accountancy, ECF No. 98-18; Order of J. Bumb, ECF No. 98-22).

      In 2015, Plaintiff, along with trustee Minta Smith, filed the present Complaint in the

Southern District of New York.[3]  (ECF No. 1).  Plaintiff's Complaint alleges violations of a range

of constitutional amendments, criminal statutes, civil statutes, and jurisdictional statutes, all

apparently stemming from Judge Colallilo's appointing a receiver to collect rental income from

Plaintiff's rental properties.  Many of Plaintiff's claims are identical to her 2013 claims that were

previously dismissed under Rule 12(b)(6) in the District of New Jersey by Judge Renée Marie

Bumb.  (*Id.*; ECF Nos. 98-19, 98-20, 98-21).  In addition to a few new claims, there are several

new defendants, including Judge Bumb. (ECF No. 1).  Several defendants previously moved to

dismiss this Complaint. (ECF Nos. 28, 41, 49, 59, 79).  On October 5, 2015, Judge Vincent

Briccetti held that the Southern District of New York was not the proper venue for this case, and

transferred it to the District of New Jersey. (ECF No. 92).  Plaintiff moved for reconsideration,

which was denied. (ECF No. 115-1).  Many defendants again filed motions to dismiss, which

are presently before this court. (ECF Nos. 98, 104, 108, 112, 113).

## LEGAL STANDARD

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

of the complaint, and the defendant bears the burden of showing that no claim has been

presented. *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005).  When assessing a Rule 12(b)(6)

motion, district courts conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d

Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a

---

[3] Plaintiff filed a complaint and an amended complaint, ECF No. 6.  Since the original complaint sets forth most of Plaintiff's allegations and the amended complaint only contains a handful of allegations, the Court will refer to both complaints together as "the Complaint."

claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id.* Third, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Bare allegations of entitlement to relief and demonstrations of a "mere possibility of misconduct" are insufficient; rather, the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id.* at 210-11 (quoting *Iqbal*, 556 U.S. at 678-79).

## ANALYSIS

Plaintiff's current claims are based on Abo & Co.'s 2011 arbitration award, and the various subsequent court actions to enforce the award. (Pl.'s Compl. at 4-28, ECF No. 1). Plaintiff calls the arbitration award a "fairy tale debt" and accuses defendants of conspiring to steal her rental income. (*Id.* at 4). Plaintiff's previous federal complaints similarly focus on the "debt [that] never existed," and a conspiracy such that "whatever motion, document filed in state court this group of attornies [sic], judges allow for a favorable verdict in [defendants'] favor." (Pl.'s Fed. Ct. Compl. 13-3978 at 4, ECF No. 98-19; Pl.'s Fed. Ct. Compl. 13-3979 at 4, ECF No. 98-20). These same issues were present in Plaintiff's state court cases. (*See, e.g.*, Pl.'s 2011 State Ct. Compl. at 5, ECF No. 98-8). These similarities raise the doctrines of res judicata, collateral estoppel, New Jersey's entire controversy doctrine, and the *Rooker-Feldman* doctrine. Because this Court declines to exercise supplemental jurisdiction over any potential state claims in the Complaint, as explained at the end of this Opinion, the below discussion solely pertains to Plaintiff's federal claims.

Res judicata prevents plaintiffs from re-litigating claims that have already been disposed of on the merits. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). It also bars claims that could have been brought in a previous action. *Id.* New Jersey and federal law apply res judicata when three elements are met: (1) a final judgment on the merits, (2) the same parties or their privies, and (3) a later suit based on the same cause of action. *Id.* Causes of action are the same when there is an "essential similarity of the underlying events giving rise to the various legal claims." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus.*, 746 F.2d 977, 984 (3d Cir.1984)).

Collateral estoppel also has the goal of preventing re-litigation of issues, but it has slightly different criteria. Collateral estoppel requires: (1) the same issue from a prior action, (2) the issue was actually litigated, (3) the issue was decided in a final judgment, and (4) the issue was essential to that final judgment. *Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007). If these criteria are met, a plaintiff can be estopped from pursuing a claim against a new defendant if she has presented and lost on the same issue against a previous defendant. *See id.* When a new defendant utilizes collateral estoppel in this way, it is essential that the plaintiff previously had a "full and fair" opportunity to litigate the issue. *Id.*

New Jersey's entire controversy doctrine aims to avoid piecemeal litigation in the interest of fairness to the parties, and to aid judicial efficiency. *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). Litigants must present all related claims together in a single action. *Wadeer v. New Jersey Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015). If a plaintiff brings some claims in one suit, and then later brings more claims based on the same transaction or series of transactions, those new claims will be barred. *Id.* The doctrine can both bar a litigant from bringing new claims that should have been brought previously, and from adding new defendants who should have

5

been joined previously. *Cogdell by Cogdell v. Hosp. Ctr. at Orange*, 560 A.2d 1169, 1178 (N.J. 1989).

The *Rooker-Feldman* doctrine applies to "state-losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). The doctrine dictates that federal district courts may not review final state court judgments. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). If a plaintiff's claims in federal court are "inextricably intertwined" with a state court decision, then the plaintiff's claims are barred. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). The Third Circuit has interpreted the doctrine to require: (1) the plaintiff previously lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment(s), (3) the state court judgments were rendered before the federal case was filed, and (4) the plaintiff wishes the federal district court to review and reject the state court judgments. *Id.* at 166.

Plaintiff's claims are barred by all four doctrines. Examining the *Rooker-Feldman* doctrine first, Plaintiff explicitly asks this Court to revisit her state court judgments by beginning her complaint with an accusation that various state court judges have "misused the courts to legally steal Plaintiff's private rental business." (Pl.'s Compl., at 4, ECF No. 1). She goes on to describe the "fairy tale debt" that led to Judge Colalillo appointing a receiver, and demands "fair market value or the full return of stolen property by way of this suit." (*Id.* at 5). This Court may not address any claims that seek to review or overturn Plaintiff's state court judgments.

Turning to res judicata, all three elements are met here for many of the parties: (1) Plaintiff has had a final judgment on the merits in both her state and previous federal court cases,

(2) many of the parties are repeats from Plaintiff's previous cases,[4] and (3) Plaintiff is suing under the same cause of action. Despite the various statutes Plaintiff cites in her Complaint, her present and past causes of action are identical because there is an "essential similarity of the underlying events giving rise to the various legal claims." *CoreStates Bank, N.A.*, 176 F.3d at 194. All repeat claims and all new claims that could have been brought previously against the repeat parties are barred by res judicata. *Id.* There is no reason Plaintiff's new claims could not have been brought previously, as the Complaint rehashes the same facts and allegations from her previous cases. Therefore res judicata bars all claims as to the repeat defendants.

Collateral estoppel bars many of the claims as to the new defendants.[5] Judge Renée Marie Bumb dismissed many of Plaintiff's present claims on the merits in 2014.[6] (Order of J. Bumb, ECF No. 98-22). The four elements of collateral estoppel are therefore fulfilled: (1) Plaintiff is bringing the same claims from a prior action, (2) the claims were actually litigated, (3) the claims were dismissed in a final judgment, and (4) their dismissal was essential to the final judgment. Plaintiff therefore cannot bring these claims now against a new set of defendants.

---

[4] Comparing the present Complaint with the 2013 federal complaints and state court cases, the repeat parties are: Marty Abo, Abo & Co., Mary Eva Colalillo, Andrew Karcich, Esq., the firm of Lynch, Karcich & Yellin LLP, Scott Levine, Esq., Robert Saldutti, Esq., Lisa Sharkey, and Judge Deborah Silverman-Katz.

[5] Comparing the present Complaint with the 2013 federal complaints and state court cases, the new defendants are: Judge Bumb, Governor Chris Christie, "CitiMortgage," Judge Glenn A. Grant, JP Morgan Chase Bank, Judge Leo Laskin, Judge Robert Millenky, the New Jersey Attorney General's Office, Nationstar Mortgage, Ocwen Loan Servicing, the prosecutor's office at 25 Market Street in Trenton, the Office of Robert Saldutti, Esq., "SRS," the State of New Jersey, and the U.S. Department of Justice.

[6] The claims in the Complaint that were dismissed in Judge Bumb's decision are: civil rights violations under 42 U.S.C. § 1983, violation of the 4th and 14th amendments, theft under 18 U.S.C. § 641, violation of the Fair Debt Collecting Practices of 15 U.S.C. § 1692, deprivation of rights under the color of law per 18 U.S.C. § 242, and diversity of citizenship under the jurisdictional statute 28 U.S.C. § 1332.

The entire controversy doctrine bars many of the same claims as the other doctrines, and it also has the power to bar Plaintiff's new claims against the new defendants. The doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court" with "party fairness [being] critical in the application of the entire controversy doctrine." *Cogdell by Cogdell*, 560 A.2d at 1172, 1177. Plaintiff does not explain why the new parties have been added at this late date. Only one is self-explanatory: the addition of Judge Bumb after Judge Bumb dismissed Plaintiff's claims. It is unclear why the other defendants were added now, as many of the new defendants are not mentioned anywhere in the Complaint except for their presence on the list of defendants.[7] Therefore, in applying the entire controversy doctrine, it is appropriate to bar all claims against the new defendants, as there is no apparent reason (excepting Judge Bumb)[8] why the defendants could not have previously been joined in Plaintiff's previous actions.

Lastly, all of Plaintiff's claims must be dismissed for failing to state a claim under Rule 12(b)(6). The Complaint frequently does not make clear which of the nineteen claims are meant to apply to which of the twenty-four defendants. Many of Plaintiff's claims cite criminal statutes that private citizens may not sue under. *See, e.g.*, Plaintiff's "extortion" claim, which cites 18 U.S.C. § 875 (prohibiting extortion threats via interstate communications). Other claims are simply jurisdictional statutes. *See, e.g.*, Plaintiff's "federal question" claim, which cites 28 U.S.C. § 1331 (giving federal district courts jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States). In all claims, Plaintiff failed to allege

---

[7] The new defendants who are not mentioned by name anywhere else in the Complaint are: Governor Chris Christie, "CitiMortgage," Judge Glenn A. Grant, JP Morgan Chase Bank, the New Jersey Attorney General's Office, Nationstar Mortgage, Ocwen Loan Servicing, "SRS," the State of New Jersey, and the U.S. Department of Justice. Plaintiff does ostensibly refer to some of these defendants collectively as "mortgage companies." (Pl.'s Compl., at 24, ECF No. 1).
[8] Judge Bumb and the other judicial defendants have judicial immunity from all of Plaintiff's claims. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).

specific facts that would support a valid claim. For example, while the Federal Credit Reporting Act does provide a private right of action against companies that furnish inaccurate information to credit reporting agencies, 15 U.S.C. § 1681s-2(b), Plaintiff does not come close to alleging the facts necessary to support a claim under the Act. Instead, she makes conclusory statements such as: "The mortgage companies opted to make a series of illegal credit reporting to credit bureaus against the victim" and "Reporting Plaintiff to credit bureau violates the law." (Pl.'s Compl., at 24, ECF No. 1). These types of legal conclusions in the absence of relevant factual allegations are insufficient to withstand a 12(b)(6) challenge.

Having dismissed all of Plaintiff's federal claims, this Court will decline to exercise supplemental jurisdiction over any possible remaining state law claims, pursuant to 28 U.S.C. § 1367(c)(3) and Third Circuit precedent. *Kalick v. Northwest Airlines Corp.*, 372 Fed. App'x 317, 322 (3d Cir. 2010).

Defendants Martin Abo, Abo & Co., and Lisa Sharkey have requested that this Court permanently enjoin Plaintiff from filing future civil complaints against them. (Defs.' Mot. to Dismiss at 22, ECF No. 98-2). The Court declines to do so at this time; however, Plaintiff shall be on notice that submitting any further filings related to the same underlying facts may result in an appropriate injunction or sanctions against her. *See, e.g.*, *Gambrell v. Hess*, 777 F. Supp. 375, 383-85 (D.N.J. 1991), *aff'd*, 970 F.2d 898 (3d Cir. 1992) (imposing an injunction and monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss will be granted. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

9